UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03716-SK                              Date: July 27, 2026
Title      Rosibelda Roblero Garcia v. Todd Blanche, et al.

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| --- | --- |
| None present | None present |

**Proceedings:**       (IN CHAMBERS) **ORDER GRANTING PETITION**

Rosibelda Roblero Garcia is a native and citizen of Guatemala who entered the United States without inspection in July 2006.  She has lived here for roughly 20 years, is the mother of four children (three of whom are United States citizens), has worked gainfully for more than 16 years, and has no criminal convictions.  Immigration and Customs Enforcement (ICE) arrested petitioner in May 2026, and she has been detained at the ICE facility in Adelanto, California since.  Petitioner is now in removal proceedings, but no final removal order has issued.  Since her detention, petitioner has received no individualized custody determination before an immigration judge.  As a result, in her counseled petition under 28 U.S.C. § 2241, petitioner claims that she is in custody in violation of federal law and seeks immediate release.  In the alternative only, she asks for a bond hearing at which the government would bear the burden of justifying her continued detention by clear and convincing evidence.

Respondents answered on July 17, 2026 with a two-page response.  (ECF 12).  The answer denies no fact alleged in the petition, contests no claim on the merits, raises no jurisdictional bar, and asserts no affirmative defense.  All it says is that petitioner "appears to be" a member of a class certified in another case, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), that her habeas petition "appears

---

CV-90 (03/15)                    Civil Minutes – General                    Page **1** of **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03716-SK                    Date: July 27, 2026

Title      Rosibelda Roblero Garcia v. Todd Blanche, et al.

to be subject to" the judgment in that case, and that "at most" her remedy would be "a bond hearing to be held before an Immigration Judge under Section 1226(a)" within seven days.  (ECF 12 at 2-3).  But federal courts must decide cases based on the arguments the parties present.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).  So when, as here, the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [] raised."  *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  Respondents' lone sentence that relief is "at most" a bond hearing cannot do the work they ask of it.  It is argument by *ipse dixit*, offered with no reasoning.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned.").

Meanwhile, respondents have not disputed a single verified fact alleged by petitioner.  They do not contend that petitioner is a danger to anyone or a risk of flight.  Nor have they cited any precedents, rules, or statutes providing that a bond hearing is the ceiling rather than the floor of relief—even for a Bond Eligible Class member under *Maldonado Bautista*—when she also seeks affirmative release in her own § 2241 petition.  The court thus need not decide whether it agrees with the merits of each of petitioner's habeas claims in all respects, since those merits are essentially unchallenged.  The court is "not a roving commission" charged with making respondents' opposition for them.  *Sineneng-Smith*, 590 U.S. at 376 (cleaned up); *see McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) (a judge in an adversarial system "decides on the basis of facts and arguments pro and con adduced by the parties").  "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat."  *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

* * *

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03716-SK                          Date: July 27, 2026

Title      Rosibelda Roblero Garcia v. Todd Blanche, et al.

 

     For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are ordered to RELEASE petitioner **Rosibelda Terceli Roblero Garcia** (**A# 099-628-952**) from custody immediately under appropriate conditions of release.  Judgment will be entered accordingly.